# EXHIBIT A



22817364

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>NEUTROGENA CORPORATION and JOHNSON &<br>JOHNSON CONSUMER COMPANIES, INC | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br>ALAMEDA COUNTY<br><br>MAY 26 2021<br><br>CLERK OF THE SUPERIOR COURT<br>By _Darrell G. Drew_ |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KATHERINE BRENNAN and MICHELLE MANG, Individually and on Behalf of
All Others Similarly Situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Alameda County Superior Court<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>**RG21101022** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sin-Ting Mary Liu, Aylstock, Witkin, Kreis & Overholtz, PLLC 17 East Main Street, Suite 200, Pensacola, FL 32502; (850) 202-1010

| DATE:<br>*(Fecha)* | **MAY 26 2021** | Clerk, by<br>*(Secretario)* _Darrell G. Drew_ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

  under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

[SEAL]

MAY 26 REC'D

22817362

AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
SIN-TING MARY LIU (282884)
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Facsimile: 850-916-7449
E-mail: mliu@awkolaw.com

*Attorney for Plaintiffs*

**FILED**
ALAMEDA COUNTY

MAY 26 2021

CLERK OF THE SUPERIOR COURT
By _____
                                    Deputy

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA

KATHERINE BRENNAN and MICHELLE MANG,
Individually and on Behalf of All Others Similarly
Situated,

      Plaintiffs,

    v.

NEUTROGENA CORPORATION and JOHNSON &
JOHNSON CONSUMER COMPANIES, INC.;

    Defendants.

Case No.: **RG21101025**

**CLASS ACTION COMPLAINT FOR:**

1.  VIOLATIONS OF THE
    CALIFORNIA UNFAIR
    COMPETITION LAW; AND
2.  VIOLATIONS OF THE
    CALIFORNIA FALSE
    ADVERTISING LAW

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiffs, Katherine Brennan and Michelle Mang ("Plaintiffs"), individually and on behalf of all others similarly situated throughout the State of California, file this Class Action Complaint ("CAC") against Defendants Neutrogena Corporation ("Neutrogena Corp.") and Johnson & Johnson Consumer Companies, Inc. ("Johnson & Johnson") (collectively, "Defendants"), and in support states the following:

## NATURE OF THE ACTION

1        This is a class action lawsuit by Plaintiffs, and others similarly situated, who purchased Neutrogena sunscreen products manufactured, sold and distributed by Defendants. Defendants distribute, market and sell several over-the-counter sunscreen products under their brand name "Neutrogena." Several of Defendants' Neutrogena sunscreen products have been independently tested and shown to be adulterated with benzene, a known human carcinogen. The presence of benzene in Defendants' Neutrogena sunscreen products was not disclosed in the products' label, in violation of state and federal law. Plaintiffs and the putative class suffered economic damages due to Defendants' misconduct (as set forth below) and they seek injunctive relief and restitution for the full purchase price of the sunscreen product(s) they purchased. Plaintiffs allege the following based upon personal knowledge as well as investigation by counsel, and as to all other matters, upon information and belief. Plaintiffs further believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## JURISDICTION AND VENUE

2.        Plaintiffs, on behalf of themselves and all others similarly situated, bring this CAC for declaratory and/or injunctive relief and restitution under California Business & Professions Code §17200, *et. seq.* and §17500, *et. seq.*

3.     This CAC is brought pursuant to California Code of Civil Procedure §382. The restitution sought by Plaintiffs and the putative class members exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

4.     This Court has jurisdiction over each Defendant because (i) Defendant Neutrogena Corporation ("Neutrogena Corp.") is headquartered in 5760 West 96th Street, Los Angeles, California, and is within the jurisdiction of this Court for purposes of service of process; (ii) each Defendant is authorized to and conducts business in and across this State of California, including with respect to the sunscreen products at issue; and (iii) each Defendant otherwise has sufficient minimum contacts with and purposefully avails itself of the markets of this State, thus rendering the Superior Court's jurisdiction consistent with traditional notions of fair play and substantial justice.

5.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure § 395(b) in that this action arises from an offer or provision of goods intended primary for personal use (i.e. sunscreen) and Plaintiff Katherine Brennan purchased the good(s) (i.e. sunscreen products) at issue in the County of Alameda.[1] The injuries that have been sustained by Plaintiff Katherine Brennan as a result of Defendants' illegal conduct occurred in the County of Alameda. Defendants conduct substantial business in the County of Alameda. Moreover, at all relevant times, Defendants promoted, marketed and sold their products, including the adulterated sunscreen products at issue, to purchasers in California, including the County of Alameda.

## THE PARTIES

6. Plaintiff Katherine Brennan ("Brennan") resides in Alameda, California, and at all

---

[1] See Exhibit A (Declaration of SIN-TING MARY LIU pursuant to California Civil Code §1780(d)).

times relevant hereto has been, a resident of the County of Alameda. In or around April 2018,

Brennan purchased Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum

SPF 70 from Costco Wholesale in San Leandro, located in Alameda County. During that time,

Brennan was unaware that Defendants' sunscreen products may be adulterated with benzene.

Brennan purchased the Defendants' sunscreen product on the assumption that the labeling of

these sunscreen products was accurate and that the products were unadulterated, safe and

effective. Brennan would not have purchased Defendants' sunscreen products had she known

there was a risk the products may contain benzene, a known human carcinogen. As a result,

Plaintiff suffered injury in fact when she spent money to purchase a product she would not

otherwise have purchased absent Defendants' misconduct, as alleged herein.

       7.     Plaintiff Michelle Mang ("Mang") resides in Mountain View, California, and at

all times relevant hereto has been, a resident of the County of Santa Clara. Mang purchased

Defendants' Cool Dry Sport Water-Resistant Sunscreen Spray SPF 50, Beach Defense® Water +

Sun Protection Sunscreen Spray Broad Spectrum SPF 70, and Ultra Sheer Dry-Touch Water

Resistant Sunscreen Lotion SPF 70 between 2017 and 2019 at Walmart, 600 Showers Dr.,

Mountain View, CA 94040 and Target, 555 Showers Dr., Mountain View, CA 94040. During

these times, Mang was unaware that Defendants' sunscreen products may be adulterated with

benzene. Mang purchased the Defendants' sunscreen products on the assumption that the

labeling of these sunscreen products was accurate and that the products were unadulterated, safe

and effective. Mang would not have purchased any of Defendants' sunscreen products had she

known there was a risk the products may contain benzene, a known human carcinogen. As a

result, Plaintiff suffered injury in fact when she spent money to purchase sunscreen products she

would not otherwise have purchased absent Defendants' misconduct, as alleged herein.

8.     Defendant Neutrogena Corp. is a Delaware corporation with its headquarters at 5760 W 96th Street, Los Angeles, California 90045. Neutrogena Corp. is authorized to do business in California. Neutrogena Corp. is a subsidiary of the Johnson & Johnson conglomerate. As one of the world's leading brands of skin care hair care and cosmetics, Neutrogena Corp. distributes its products, including Neutrogena sunscreen products, throughout the United States. Neutrogena Corp's line of sunscreen products, including the adulterated sunscreen purchased by Plaintiffs and members of the putative class, are available at retail stores throughout California and the United States.

9.     Defendant Johnson & Johnson Consumer Companies, Inc. ("Johnson & Johnson") is a New Jersey corporation with its headquarters and principal place of business at Grandview Road, Skillman, New Jersey 08558. Johnson & Johnson, the manufacturer and/or distributor of the adulterated sunscreens, is the parent company of Neutrogena Corp.

## INTRODUCTION

10.     Defendants manufacture, market, advertise, label, distribute, and sell a variety of Neutrogena sunscreen spray/aerosol products and lotions, including:

| 1 | Neutrogena | Lotion | Age Shield Face Sunscreen Lotion SPF 110 |
|---|---|---|---|
| 2 | Neutrogena | Lotion | Age Shield Face Sunscreen Lotion SPF 70 |
| 3 | Neutrogena | Spray | Beach Defense Oil-Free Body Sunscreen Spray SPF 100 |
| 4 | Neutrogena | Lotion | Beach Defense Water Plus Sun Protection Sunscreen Broad Spectrum Lotion SPF 70 |
| 5 | Neutrogena | Spray | Cooldry Sport Water-Resistant Sunscreen Spray SPF 50 |
| 6 | Neutrogena | Spray | Cooldry Sport Water-Resistant Sunscreen Spray SPF 70 |
| 7 | Neutrogena | Lotion | Healthy Defense Daily Moisturizer with Sunscreen SPF 50 |
| 8 | Neutrogena | Lotion | Hydro Boost Water Gel Lotion Sunscreen SPF 50 |

| 9 | Neutrogena | Spray | Kids Water-Resistant Sunscreen Spray Oil-Free SPF 70 |
|---|---|---|---|
| 10 | Neutrogena | Lotion | Oil-free Facial Moisturizer with Sunscreen SPF 15 |
| 11 | Neutrogena | Lotion | Pure & Free Baby Sunscreen Lotion SPF 50 |
| 12 | Neutrogena | Lotion | Sensitive Skin Sunscreen Lotion With SPF 60+ |
| 13 | Neutrogena | Lotion | Sheer Zinc Dry-Touch Face Sunscreen SPF 50 |
| 14 | Neutrogena | Spray | Ultra Sheer Body Mist Sunscreen Broad Spectrum SPF 30 Spray |
| 15 | Neutrogena | Spray | Ultra Sheer Body Mist Sunscreen Broad Spectrum SPF 45 |
| 16 | Neutrogena | Lotion | Ultra Sheer Dry-Touch Sunscreen Lotion Broad Spectrum SPF 55 |
| 17 | Neutrogena | Lotion | Ultra Sheer Dry-Touch Sunscreen Lotion SPF 30 |
| 18 | Neutrogena | Lotion | Ultra Sheer Dry-Touch Sunscreen Lotion SPF 45 |
| 19 | Neutrogena | Lotion | Ultra Sheer Dry-Touch Water Resistant Sunscreen SPF 70 |
| 20 | Neutrogena | Spray | Ultra Sheer Face Mist Sunscreen SPF 55 |
| 21 | Neutrogena | Spray | Ultra Sheer Face Mist Sunscreen Spray - SPF 55 |
| 22 | Neutrogena | Lotion | Ultra Sheer Liquid Sunscreen Lotion, Broad Spectrum SPF 70 |
| 23 | Neutrogena | Lotion | Ultra Sheer Sunscreen Lotion SPF 100+ |
| 24 | Neutrogena | Spray | Ultra Sheer Weightless Sunscreen Spray, SPF 100+ |
| 25 | Neutrogena | Spray | Ultra Sheer Weightless Sunscreen Spray, SPF 70 |
| 26 | Neutrogena | Spray | Wet Skin Swim Humidity Sweat Sunscreen Broad Spectrum SPF 30 (hereafter collectively referred to as "Sunscreen Products").[2] |

11.    In 2020, Valisure LLC and ValisureRX LLC ("Valisure"), an analytical

pharmacy, ran tests on a variety of Defendants' Sunscreen Products. Specifically, Valisure tested

---

[2] Discovery may reveal additional Sunscreen Products manufactured, sold, and distributed by Defendants that are affected by this action and Plaintiffs reserve their right to include any such products in this action.

numerous lots of Defendants' spray and lotion Sunscreen Products. Through its testing, Valisure discovered that certain of the Sunscreen Products contain benzene, with values ranging from less than 0.1 parts per million ("ppm"); to 0.10 ppm to 2 ppm, to more than 2 ppm. For reference, the National Institute for Occupational Safety and Health ("NIOSH") recommends protective equipment be worn by workers expecting to be exposed to benzene at concentrations of 0.1 ppm and defines "skin absorption" as an exposure route.[3] Notably, benzene is not listed as an active or inactive ingredient on any of the labels of Neutrogena's Sunscreen Products. Moreover, all of the Sunscreen Products are marketed and advertised in an identical manner — as "Sunscreen."

12.     On May 25, 2021 Valisure filed a citizen petition with the Food and Drug Administration ("FDA") asking the agency to recall all batches of Defendants' sunscreen products that (as tested) contained 0.1 ppm or more of benzene, on the basis that they are adulterated under Section 501 of the FDCA (21 U.S.C. § 351) and misbranded under Section 502 of the FDCA (21 U.S.C. § 352). As of this filing, the FDA has not responded to Valisure's citizen petition and Defendants have not taken any action to remove the Sunscreen Products from the market. Pursuant to § 1782 of the CLRA, Plaintiffs have provided pre-suit notice to Defendants of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the actions detailed herein.[4]

13.     Benzene is used primarily as a solvent in the chemical and pharmaceutical industries, as a starting material and intermediate in the synthesis of numerous chemicals, and in gasoline. The major United States source of benzene is petroleum. The health hazards of benzene have been recognized for over one hundred years. According to the National Toxicology

---

[3] Centers for Disease Control and Prevention. *The National Institute for Occupational Safety and Health (NIOSH), Benzene* (https://www.cdc.gov/niosh/npg/npgd0049.html).
[4] *See* Exhibit B (Copy of pre-suit notice letters Defendants Neutrogena Corp. and Johnson & Johnson).

Program ("NTP"), benzene is "*known to be a human carcinogen* based on sufficient evidence of carcinogenicity from studies in humans."[5] Benzene has also been "found to be carcinogenic to humans" by the International Agency for Research on Cancer ("IARC"). Benzene was "[f]irst evaluated by IARC in 1974 . . . and was found to be carcinogenic to humans (Group 1), a finding that has stood since that time."[6] As noted by the IARC:

> In the current evaluation, the Working Group again confirmed the carcinogenicity of benzene based on *sufficient evidence* of carcinogenicity in humans, *sufficient evidence* of carcinogenicity in experimental animals, and *strong* mechanistic evidence. ... The Working Group affirmed the strong evidence that benzene is genotoxic, and found that it also exhibits many other key characteristics of carcinogens, including in exposed humans. In particular, benzene is metabolically activated to electrophilic metabolites; induces oxidative stress and associated oxidative damage to DNA; is genotoxic; alters DNA repair or causes genomic instability; is immunosuppressive; alters cell proliferation, cell death, or nutrient supply; and modulates receptor-mediated effects.[7]

Likewise, the FDA recognizes that "[b]enzene is a carcinogen that can cause cancer in humans"[8] and classifies benzene as a "Class 1" solvent that should be "avoided."[9] FDA's Guidance for Industry states that "Solvents in Class 1 . . . should not be employed in the manufacture of drug substances, excipients, and drug products because of their unacceptable toxicities or deleterious environmental effect."[10]

14.    The FDA regulates sunscreens to ensure they meet safety and effectiveness standards.[11] The FDA regulates sunscreens, including the Sunscreen Products, as over-the-

---

[5] http://ntp.niehs.nih.gov/go/roc/content/profiles/benzene.pdf (emphasis in original).
[6] Benzene / IARC Working Group on the Evaluation of Carcinogenic Risks to Humans (2017: Lyon, France), at p. 33.
[7] *Id.* at 34.
[8] https://www.fda.gov/food/chemicals/questions-and-answers-occurrence-benzene-soft-drinks-and-other-beverages#q1.
[9] https://www.fda.gov/media/71737/download.
[10] FDA Guidance for Industry, Q3C Impurities: Residual Solvents (6/30/2017), available at https://www.fda.gov/media/71736/download.
[11] *See generally* 21 CFR §§352.1– 352.77.

counter ("OTC") drugs rather than as cosmetics. As an FDA-regulated product, sunscreens must

pass certain tests before they are sold. As noted on FDA's website,

> Every drug has active ingredients and inactive ingredients. In the
> case of sunscreen, active ingredients are the ones that are protecting
> your skin from the sun's harmful UV rays. Inactive ingredients are
> all other ingredients that are not active ingredients, such as water or
> oil that may be used in formulating sunscreens.[12]

Per the FDA regulations governing Defendants' Sunscreen Products, titled "Sunscreen

Drug Products for Over-the-Counter Human Use,"[13] there are certain acceptable active

ingredients in products that are labeled as sunscreen.[14] Benzene, a known human carcinogen, is

not on the FDA's list of acceptable active or inactive ingredients for sunscreen products. Nor is

benzene identified as an active or inactive ingredient on any of the Sunscreen Products. Thus,

Defendants assurances in its marketing of its sunscreen products—e.g., "we set a high bar for

using ingredients…our ingredients are screened for quality…" and "your safety is our priority"

and "our [safety assurance] process never ends—we continually review our product

ingredients…"—are false and misleading.[15] Similarly, it is a false and misleading statement

when Defendants unequivocally state to consumers: "Neutrogena maintains that the sunscreen

ingredients we use are safe and effective . . . ."[16]

15. The governing regulations provide: "An over-the-counter sunscreen drug product

in a form suitable for topical administration is generally recognized as safe and effective and is

---

[12] https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help-protect-your-skin-sun.
[13] 21 CFR §352.10.
[14] https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help-protect-your-skin-sun.
[15] https://safetyandcarecommitment.com/commitment?.
[16] https://www.neutrogenamd.com/sites/neutrogenahcp_us/files/20190416-fda-proposal-guide-3b.cocoon.pdf.

not misbranded if it meets each condition in this part and each general condition established in 330.1 of this chapter."[17] Defendants failed to meet this standard as further described below.

16.     The manufacture of any misbranded or adulterated drug is prohibited under federal law[18] and California state law.[19]

17.     The introduction into commerce of any misbranded or adulterated drug is similarly prohibited.[20]

18.     The receipt in interstate commerce of any adulterated or misbranded drug is also unlawful.[21]

19.     Among the ways a drug may be adulterated are:

> If it consists in whole or in part of any filthy, putrid, or decomposed substance; or . . . whereby it may have been rendered injurious to health; . . . .[22]

20.      A drug is misbranded:

> (a) "If its labeling is false or misleading in any particular."[23]

---

[17] 21 CFR §352.1
[18] 21 U.S.C. §331(g).
[19] *See* Cal. Health & Safety Code § 111250 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any drug or device that is adulterated."); Cal. Health & Safety Code § 111330 ("Any drug or device is misbranded if its labeling is false or misleading in any particular.").
[20] 21 U.S.C. §331(a); Cal. Health & Safety Code § 111305 ("It is unlawful for any person to receive in commerce any drug or device that is adulterated or to deliver or proffer for delivery any drug or device.").
[21] 21 U.S.C. §331(c); Cal. Health & Safety Code § 111305.
[22] 21 U.S.C. §351(a)(2)(B). *See* Cal. Health & Safety Code § 111250 ("Any drug or device is adulterated if it consists, in whole or in part, of any filthy, putrid, or decomposed substance."); Cal. Health & Safety Code § 111255 ("Any drug or device is adulterated if it has been produced, prepared, packed, or held under conditions whereby it may have been contaminated with filth, or whereby it may have been rendered injurious to health.").
[23] 21 U.S.C. §352(a)(1). California law similarly states: "Any drug or device is misbranded if its labeling is false or misleading in any particular." Cal. Health & Safety Code § 111330. *See also* Cal. Health & Safety Code § 111285 ("Any drug or device is adulterated if its . . . purity of quality is below, that which it is represented to possess.").

10
COMPLAINT

(b) If the labeling does not contain, among other things, "the proportion of each active ingredient[.]"[24]

(d) "If it is dangerous to health when used in the dosage or manner, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof."[25]

21.     If a manufacturer labels a drug but omits ingredients (the contaminant), that renders the drug misbranded.[26]

22.     Because Defendants did not disclose benzene, a known human carcinogen, may be present in the Sunscreen Products purchased by Plaintiffs and the putative class members, the Sunscreen Products are adulterated and misbranded.

23.     Defendant wrongfully advertised and sold the Sunscreen Products without any labeling to indicate to consumers that these products may contain benzene. The following image shows an example:

_____

[24] 21 U.S.C. §352(e)(1)(A)(ii); *see* Cal. Health & Safety Code § 111355(a): "Any drug is misbranded unless its label bears . . . all of the following information:... (3) For nonprescription drugs, the quantity or proportion of each active ingredient and the established name of each inactive ingredient in accordance with Sections 502(e)(1)(A)(ii) and (iii) of the federal act (21 U.S.C. 352(e)(1)(A)(ii) and (iii))."
[25] 21 U.S.C. §352(j); *see* Cal. Health & Safety Code § 111400 ("Any drug or device is misbranded if it is dangerous to health when used in the dosage, or with the frequency or duration prescribed, recommended, or suggested in its labeling.").
[26] "The labeling of a drug may be misleading by reason (among other reasons) of: ... (2) Failure to reveal the proportion of, or other fact with respect to, an ingredient present in such drug, when such proportion or other fact is material in the light of the representation that such ingredient is present in such drug." 21 C.F.R. §201.10(2). *See* Cal. Health & Safety Code § 111355(b) ("Any drug is misbranded unless its label bears . . . all of the following information: The requirement for stating the quantity of the active ingredients of any drug . . . .").

**COMPLAINT**



24. Plaintiffs have standing to represent members of the putative class because there is sufficient similarity between the specific Sunscreen Products purchased by the Plaintiffs and the other Sunscreen Products not purchased by Plaintiffs. Specifically, each and every one of the Sunscreen Products (i) are marketed in substantially the same way – as "Sunscreen"— and (ii) fail to include labeling indicating to consumers that the Sunscreen Products may contain benzene as an active or inactive ingredient. Accordingly, the misleading effect of all of the sunscreen products' labels are substantially the same.

## CLASS ALLEGATIONS

25.     Plaintiffs brings this action under California Code of Civil Procedure §382 as a class action and seeks certification of the following class against Defendants for violations of California state laws and federal laws (the "Class"):

> All consumers who purchased any lotion or spray Neutrogena Sunscreen Product in the State of California from May 25, 2017 to the present for personal use or consumption.

> Excluded from the Class are individuals who allege personal bodily injury resulting from the use of Sunscreen Product(s). Also excluded from this Class are Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

26.     The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs are informed and believe that the proposed Class contains thousands of purchasers of the Sunscreen Products who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiffs at this time.

27.     Plaintiffs' claims are typical to those of all class members because members of the class are similarly injured through Defendants' uniform misconduct described above and were subject to Defendants' deceptive sunscreen claims that accompanied each and every Sunscreen Product product in the Neutrogena collection. Plaintiffs are advancing the same claims and legal theories on behalf of himself and all members of the Class.

28.     Plaintiffs' claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiffs and all prospective Class members involve the same alleged defect. These common legal and factual questions include the following:

(a)    whether Defendant's Sunscreen Products contained benzene;

13
**COMPLAINT**

(b) whether Defendants' omissions are true, or are misleading, or objectively reasonably likely to deceive;

(c) whether the alleged conduct constitutes violations of the laws asserted;

(d) whether Defendants' alleged conduct violates public policy;

(e) whether Defendants engaged in false or misleading advertising;

(f) whether Plaintiffs and the Class members are entitled to damages and/or restitution and the proper measure of that loss; and

(g) whether an injunction is necessary to prevent Defendants from continuing to market and sell defective and adulterated sunscreen products that contain benzene, a known human carcinogen.

29. Plaintiffs and their counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiffs have retained counsel experienced in complex litigation and class actions. Plaintiffs' counsel has successfully litigated other class action cases similar to that here and have the resources and abilities to fully litigate and protect the interests of the class. Plaintiffs intend to prosecute this claim vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Class, nor are Plaintiffs subject to any unique defenses.

30. A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by Plaintiffs and individual Class members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiffs and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiffs know of no difficulty that would be

encountered in the management of this case that would preclude its maintenance as a class action.

31.     The Class also may be certified because Defendants have acted or refused to act on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

32.     Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described above, and requiring Defendants to provide full restitution in the form of a refund of the full purchase price of the Sunscreen Products to Plaintiffs and Class members.

33.     Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiffs and the Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## FIRST CAUSE OF ACTION

(Violations of the Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200, *Et Seq.* Against Defendants on Behalf of the Class)

34.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

35.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising...." Cal. Bus. & Prof. Code § 17200.

*Fraudulent Acts and Practices*

36.     Any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice under the UCL. Similarly, any advertising that is deceptive, untrue or misleading constitutes a fraudulent business act or practice under the UCL.

37.     Defendants have engaged, and continue to engage, in conduct that is likely to deceive members of the public. This conduct includes representing in their labels that their Sunscreen Products contain only the ingredients listed in the label, which is untrue, and failing to make any mention that the Sunscreen Products are adulterated with benzene, a known human carcinogen.

38.     Similarly, Defendants have engaged, and continue to engage, in deceptive, untrue, and misleading advertising by "promising" to consumers, among other things, (i) that they "carefully select ingredients,"[27] (ii) that "safety is paramount,"[28] (iii) that they "avoid unnecessary and harsh ingredients,"[29] and (iv) that "the sunscreen ingredients we use are safe and effective . . . "[30] when in fact the Sunscreen Products may contain a known (but undisclosed) human carcinogen (i.e. benzene). The following image shows an example of such deceptive advertising:

---

[27] https://www.neutrogena.com/our-promise.html.
[28] https://www.neutrogena.com/our-promise.html.
[29] https://www.neutrogena.com/our-promise.html.
[30] https://www.neutrogenamd.com/sites/neutrogenahcp_us/files/20190416-fda-proposal-guide-3b.cocoon.pdf.



Carefully Selected Ingredients

At Neutrogena®, safety is paramount. What we include in our products is just as important as what we exclude from them. We strive to avoid unnecessary and harsh ingredients and we prioritize ingredients that are not only safe for your skin, but also safe for the planet, throughout the lifecycle of our products. We are committed to ingredient transparency so you can make informed decisions for your skin health.[31]

39.     By committing the acts alleged above, Defendants have engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code §17200.

*Unlawful Acts and Practices*

40.     The violation of any law constitutes an unlawful business practice under Business & Professions Code §17200.

---

[31] https://www.neutrogena.com/our-promise.html.

41.     Defendants' conduct violates Section 5 of the Federal Trade Commission "("FTC") Act, 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. By representing in the labeling that the Sunscreen Products do not contain benzene when, in fact, the products may contain benzene, Defendants violated Section 5 of the FTC Act.

42.     Defendants' conduct also violates Cal. Health & Safety Code § 111730, which prohibits the sale of any misbranded product. The Sunscreen Products, that bear labeling that they did not contain benzene, are "false and misleading in any particular" in violation of Health & Safety Code § 111730.

43.     By violating the FTC Act and/or Cal. Health and Safety Code § 111730, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200.

*Unfair Acts and Practices*

44.     Any business practice that offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers constitutes an "unfair" practice under the UCL.

45.     Defendants have engaged, and continue to engage, in unfair business practices. This conduct includes representing that the Sunscreen Products do not contain benzene when in fact some do contain benzene.

46.     Defendants have engaged, and continue to engage, in conduct that violates the legislatively declared policies of the FTC Act against committing unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. Defendants gained an unfair advantage over its competitors, whose advertising for products must comply with the FTC Act.

47.     Defendants' conduct, including misrepresenting the safety and efficacy of the Sunscreen Products, is substantially injurious to consumers. Consumers are purchasing and, as instructed in the label, "apply[ing] liberally" sunscreen products without knowledge that there is a risk the Sunscreen Products are adulterated with a human carcinogen. Moreover, such conduct has, and continues to cause, substantial injury to consumers because consumers would not have paid for sunscreens potentially adulterated with benzene but for Defendants' false labeling, advertising, and promotion. Thus, Plaintiffs and the putative Class have "lost money or property" as required for UCL standing, and such an injury is not outweighed by any countervailing benefits to consumers or competition.

48.     Indeed, no benefit to consumers or competition results from Defendants' conduct. Since consumers reasonably rely on Defendants' representation of the ingredients contained in the Sunscreen Products' labels and injury resulted from ordinary use of the Contaminated Products, consumers could not have reasonably avoided such injury.

49.     By committing the acts described above, Defendants have engaged in unfair business acts and practices which constitute unfair competition within the meaning of the UCL.

50.     As a result of the conduct described above, Defendant has been unjustly enriched at the expense of the Plaintiffs and the putative Class.

51.     An action for injunctive relief and restitution is specifically authorized under Cal. Bus. & Prof. Code 17203.

52.     Wherefore, Plaintiffs pray for judgement against Defendants, as set forth hereafter. Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Sunscreen Products is unfair because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

53.     In accordance with California Business & Professions Code section 17203,[32] Plaintiffs seeks an order enjoining Defendants from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign. Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

54.     On behalf of Plaintiffs and the putative Class, Plaintiffs also seeks an order for the restitution of all monies spent on the Sunscreen Products, which were acquired through acts of fraudulent, unfair, or unlawful competition.[33] In addition, because there is a risk the Sunscreen Products contain benzene, a known human carcinogen, the measure of restitution should be rescission and full refund insofar as the Sunscreen Product products and their associated labels are worthless. But for Defendants' misrepresentations and omissions, Plaintiffs would have paid nothing for sunscreen products that have a risk of containing a known human carcinogen (i.e. benzene). Indeed, there is no discernible "market" for an over-the-counter sunscreen product that may be adulterated with a known human carcinogen. As a result, the Sunscreen Products are rendered valueless.

## SECOND CAUSE OF ACTION

(Violations of California's False Advertising Law, California Business & Professions
Code §§17500, Et. Seq., Against Defendants on Behalf of the Class)

---

[32] "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code § 17203.

[33] "Actions for relief pursuant to this chapter shall be prosecuted . . . by a person who has suffered injury in fact and lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.
"The court may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203.

55.    Plaintiffs incorporate by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

56.    California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

57.    As set forth herein, Defendants' claims that their sunscreen product's ingredients do not contain benzene are false and likely to deceive the public because Defendants' Sunscreen Products did in fact contain benzene.

58.    Similarly, Defendants' advertising claims that their sunscreen product's ingredients are safe and effective are untrue or misleading because these claims fail to disclose that the Sunscreen Products may in fact be adulterated by containing a known human carcinogen -- specifically, benzene.

59.    Defendants knew, or reasonably should have known, that the claims were untrue or misleading.

60.    Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiffs' desire to purchase Defendants' Sunscreen Products in the future if they can be assured that the Sunscreen Products are unadulterated and meet the advertising claims. Absent injunctive relief, Defendants may continue to advertise, promote and sell adulterated sunscreen products that deceive the public as to their ingredients and safety. Plaintiffs are thus likely to again be wronged in a similar way. For instance, if Plaintiffs encounter Defendants' Sunscreen Products in the future and there is risk those products still contain benzene, Plaintiffs may mistakenly rely on the product's label to believe that Defendants eliminated benzene when they did not.

61.    Plaintiffs and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Sunscreen Product(s).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment against the Defendants as to each and every count, including:

A.    An order declaring this action to be a proper class action, appointing Plaintiffs and their counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.    An order enjoining Defendants from selling the Sunscreen Products;

C.    An order enjoining Defendants from suggesting or implying that they are safe and effective for human application;

D.    An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing Sunscreen Product products;

E.    An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

F.    An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the Unfair Competition Law, plus pre- and post-judgment interest thereon;

G.    An order requiring Defendant to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

H.    An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

1    I.    An order awarding attorneys' fees and costs to Plaintiffs and the Class; and

2    J.    An order providing for all other such equitable relief as may be just and proper.

3                        **DEMAND FOR JURY TRIAL**

4    Plaintiffs demand a trial by jury on all issues so triable.

5

6    DATED: May 25, 2021

7

8

9

10   By:_____

11   AYLSTOCK, WITKIN, KREIS &
     OVERHOLTZ, PLLC

12   SIN-TING MARY LIU (282884)
     17 East Main Street, Suite 200

13   Pensacola, FL 32502
     Telephone: 850-202-1010

14   Facsimile: 850-916-7449
     E-mail: mliu@awkolaw.com

15   Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

                              23
                         **COMPLAINT**

# EXHIBIT A

AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
SIN-TING MARY LIU (282884)
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Facsimile: 850-916-7449
E-mail: mliu@awkolaw.com

*Attorney for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| KATHERINE BRENNAN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>NEUTROGENA CORPORATION and JOHNSON & JOHNSON CONSUMER COMPANIES, INC.;<br><br>      Defendants. | Case No.: _____<br><br>**CLASS ACTION:**<br><br>DECLARATION OF SIN-TING MARY LIU PURSUANT TO CALIFORNIA CIVIL CODE §1780(d) |

I, Sin-Ting Mary Liu, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California. I am an attorney of the law firm of Aylstock, Witkin, Kreis & Overholtz, PLLC, the counsel of record for plaintiffs in the above-entitled action.

2. Defendants Neutrogena Corporation and Johnson & Johnson Consumer Companies, Inc., have done and are doing business in the City and County of Alameda, California. Such business includes the distribution, marketing, and sale of numerous Neutrogena sunscreen products, including Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70.

3. The Class Action Complaint ("CAC") filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the CAC occurred in Alameda County, California. Specifically, Plaintiff

Brennan purchased Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70 from Costco Wholesale in San Leandro, located in Alameda County, California.

4.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25 day of May 2021, at Alameda, California.


By: _____
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
SIN-TING MARY LIU (282884)
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Facsimile: 850-916-7449
E-mail: mliu@awkolaw.com
Attorneys for Plaintiff



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, NJ)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
† Of counsel

17 EAST MAIN STREET, SUITE 200 • PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 • FAX: (850) 916-7449

May 25, 2021

SENT VIA CERTIFIED MAIL
Johnson & Johnson Consumer Companies, Inc.
General Counsel
199 Grandview Road
Skillman, New Jersey 08558

**Re: Katherine Brennan v. Neutrogena Corp., et al.**

Dear Sir or Madam:

Our law firm represents Katherine Brennan and all other consumers similarly situated in an action against Neutrogena Corporation, Johnson & Johnson Consumer Companies, Inc. (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants to consumers by failing to divulge to consumers that various Neutrogena sunscreen products[1] contain the ingredient benzene, a known human carcinogen.

These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a

---

[1] These products include: Wet Skin Sunscreen Spray Broad Spectrum SPF 30, Wet Skin Sunscreen Spray Broad Spectrum SPF 50, Wet Skin Kids Sunscreen Spray Broad Spectrum SPF 70+, Wet Skin Sunscreen Spray Broad Spectrum SPF 85+, Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70, Cool Dry Sport Water-Resistant Sunscreen Spray, SPF 50, 5 oz,, Cool Dry Sport Water-Resistant Sunscreen Spray, SPF 70, 5 oz., Ultra Sheer® Sunscreen Spray, SPF 30, Ultra Sheer® Sunscreen Spray, SPF 45, Neutrogena Ultra Sheer Lightweight Sunscreen Spray, SPF 70, 5 oz, Neutrogena Ultra Sheer Lightweight Sunscreen Spray, SPF 100+, 5 oz, Ultra Sheer® Face Mist Sunscreen Broad Spectrum SPF 55, Neutrogena® Beach Defense® Water + Sun Protection Spray Broad Spectrum SPF 100, 6.5oz, Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 50, Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 30, Cool Dry Sport Water-Resistant Sunscreen Spray, SPF 100, 5 oz, and Invisible Daily Defense Facial Mist Sunscreen SPF50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

Ms. Brennan and others similarly situated purchased the Products in the Neutrogena collection unaware unaware that the Products may be adulterated with benzene. Ms. Brennan and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present is present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)     by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)     by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)     by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)    by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cd
Enclosures



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

**AYLSTOCK WITKIN KREIS OVERHOLTZ**
www.AWKOLAW.com

17 EAST MAIN STREET, SUITE 200 · PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 · FAX: (850) 916-7449

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, NJ)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
†Of counsel

May 25, 2021

SENT VIA CERTIFIED MAIL
Neutrogena Corporation
General Counsel
5760 W 96th Street
Los Angeles, California 90045

**Re: Katherine Brennan v. Neutrogena Corp., et al.**

Dear Sir or Madam:

Our law firm represents Katherine Brennan and all other consumers similarly situated in an action against Neutrogena Corporation, Johnson & Johnson Consumer Companies, Inc. (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants to consumers by failing to divulge to consumers that various Neutrogena sunscreen products[1] contain the ingredient benzene, a known human carcinogen.

These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

---

[1] These products include: Wet Skin Sunscreen Spray Broad Spectrum SPF 30, Wet Skin Sunscreen Spray Broad Spectrum SPF 50, Wet Skin Kids Sunscreen Spray Broad Spectrum SPF 70+, Wet Skin Sunscreen Spray Broad Spectrum SPF 85+, Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70, Cool Dry Sport Water-Resistant Sunscreen Spray, SPF 50, 5 oz,, Cool Dry Sport Water-Resistant Sunscreen Spray, SPF 70, 5 oz., Ultra Sheer® Sunscreen Spray, SPF 30, Ultra Sheer® Sunscreen Spray, SPF 45, Neutrogena Ultra Sheer Lightweight Sunscreen Spray, SPF 70, 5 oz, Neutrogena Ultra Sheer Lightweight Sunscreen Spray, SPF 100+, 5 oz, Ultra Sheer® Face Mist Sunscreen Broad Spectrum SPF 55, Neutrogena® Beach Defense® Water + Sun Protection Spray Broad Spectrum SPF 100, 6.5oz, Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 50, Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 30, Cool Dry Sport Water-Resistant Sunscreen Spray, SPF 100, 5 oz, and Invisible Daily Defense Facial Mist Sunscreen SPF50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

Ms. Brennan and others similarly situated purchased the Products in the Neutrogena collection unaware unaware that the Products may be adulterated with benzene. Ms. Brennan and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present is present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)     by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)     by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)     by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)    by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would

P.O. Box 12630
Pensacola, Florida 32591

433 Plaza Real Blvd Ste. 271
Boca Raton, Florida 33432

include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cd
Enclosures

3

22817363

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Sin-Ting Mary Liu, CBN: 282884
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200, Pensacola, FL 32502

TELEPHONE NO.: 850-202-1010     FAX NO.: 850-916-7449
ATTORNEY FOR *(Name)*: Katherine Brennan (Plaintiff)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda County
STREET ADDRESS: René C. Davidson Courthouse
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

**FILED
ALAMEDA COUNTY**

**MAY 26 2021**

CLERK OF THE SUPERIOR COURT
By _Darrell G. Drew_
Deputy

CASE NAME:
Katherine Brennan, et al. v. Neutrogena Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | RG21101025 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: 2
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/25/2021

Sin-Ting Mary Liu
_(TYPE OR PRINT NAME)_                    _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
 Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment (*non-domestic relations*)
 Sister State Judgment
 Administrative Agency Award (*not unpaid taxes*)
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
 Declaratory Relief Only
 Injunctive Relief Only (*non-harassment*)
 Mechanics Lien
 Other Commercial Complaint Case (*non-tort/non-complex*)
 Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Aylstock, Witkin, Kreis & Overholtz,
PLLC
Attn: Liu, Sin-Ting Mary
17 East Main Street, Suite 200
Pensacola, FL  32502

Neutrogena Corporation

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Brennan<br><br>                  Plaintiff/Petitioner(s)<br>       VS.<br><br>Neutrogena Corporation<br>              Defendant/Respondent(s)<br>      (Abbreviated Title) | No. <u>RG21101025</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

        Complex Determination Hearing
        Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/13/2021   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/10/2021   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  06/09/2021         Chad Finke  Executive Officer / Clerk of the Superior Court

By        _____

                                            Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/10/2021.

By        _____

                                            Deputy Clerk

1   **AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
    SIN-TING MARY LIU (282884)
2   17 East Main Street, Suite 200
    Pensacola, FL 32502
3   Telephone: 850-202-1010
    Facsimile: 850-916-7449
4   E-mail: mliu@awkolaw.com

5   **BRADLEY/GROMBACHER, LLP**
6   Marcus J. Bradley, Esq. (174156)
    Kiley L. Grombacher, Esq. (245960)
7   Robert N. Fisher, Esq. (302919)
    31365 Oak Crest Drive, Suite 240
8   Westlake Village, California 91361
    Telephone: (805) 270-7100
9   Facsimile:   (805) 270-7589
10  E-Mail: mbradley@bradleygrombacher.com
            kgrombacher@bradleygrombacher.com
11          rfisher@bradleygrombacher.com

12  *Attorneys for Plaintiffs and the Putative Class*

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                          COUNTY OF ALAMEDA

15  | | |
    |---|---|
16  | KATHERINE BRENNAN and MICHELLE MANG, Individually and on Behalf of All Others Similarly Situated, | **Case No.:** RG21-101025 *(Assigned for all purposes Hon. Judge Brad Seligman, Dept. 23)* |
17  | | |
18  | Plaintiffs, | **DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF REQUEST FOR DISMISSAL PURSUANT TO CALIFORNIA RULE OF COURT RULE 3.770** |
19  | v. | |
20  | NEUTROGENA CORPORATION and JOHNSON & JOHNSON CONSUMER COMPANIES, INC. | *(Filed concurrently with Request for Dismissal [Proposed] Order)* |
21  | | |
22  | Defendants. | |

23

24

25

26

27

28

-1-

DECLARATION OF KILEY LYNN GROMBACHER IN SUPPORT OF REQUEST FOR
DISMISSAL

I, Kiley Lynn Grombacher, declare:

1.    I am an attorney licensed to practice before all courts of the State of California. I am a member in good standing of the State Bar of California. I am counsel for Plaintiffs Katherine Brennan, Michelle Mang ("Plaintiffs") in this proposed class action. I have personal knowledge of the facts herein. If called as a witness, I could and would competently testify to those facts under oath.

2.    This Declaration is filed pursuant to California <u>Rule of Court</u>, Rule 3.770, in support of the request for dismissal of Johnson & Johnson Consumer Companies, Inc.

3.    For ease of reference, and in accordance with California <u>Rule of Court</u>, Rule 3.770, this Declaration is divided into the following subsections: (A) Status of the Case; (B) Facts Regarding Plaintiffs' Claim; (C) Facts Establishing that Dismissal Should be Entered Without Notice to the Alleged Putative Class; and (D) Expertise of Plaintiffs' Counsel in Class Action Litigation.

**A.    STATUS OF THE CASE**

4.    This matter was filed by Katherine Brennan and Michelle Mang on May 26, 2021, as a proposed class action against defendants Neutrogena Corporation ("Neutrogena") and Johnson & Johnson Consumer Companies, Inc. ("Johnson & Johnson," and together, "Defendants").

5.    Defendants have not yet been served in this action, Plaintiffs have not filed a Motion for Class Certification, the Court has not certified a class, and no trial date has been set.

**B.    PLAINTIFFS' CLAIMS**

6.    By this action, Plaintiffs seek relief on behalf of themselves and the members of the putative class and alleges the following causes of action: California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) (the "UCL"), California's False Advertising Law, (Cal. Bus. & Prof. Code § 17500 et seq.) (the "FAL"), California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750) (the "CLRA"), unjust enrichment, negligent representation/omission, breach of express warranty, breach of implied warranty, and strict product liability for failure to warn and manufacturing defect.

DECLARATION OF KILEY LYNN GROMBACHER IN SUPPORT OF REQUEST FOR DISMISSAL

7.      The claims relate to, inter alia, the sale, advertising, marketing, labeling, distribution, and manufacturing of Neutrogena sunscreen products which have been found by an independent laboratory to contain benzene (the "Sunscreen Products").

8.      Defendant Johnson & Johnson is the parent company of Defendant Neutrogena.

9.      Plaintiffs desire to dismiss Johnson & Johnson without prejudice to reasserting claims against Johnson & Johnson if Plaintiffs determine that viable claims exist against it.

10.     Plaintiffs have received no compensation in exchange for dismissal.

**C.      FACTS ESTABLISHING THAT DISMISSAL SHOULD BE ENTERED WITHOUT NOTICE TO THE ALLEGED PUTATIVE CLASS**

11.     The dismissal is without prejudice.  No class has been certified and no formal notice of the pendency of this action has been provided to the putative class members. Therefore, under the first sentence within California Rule of Court, Rule 3.770(c), notice of the dismissal does not need to be provided to the putative class.

12.     In addition, notice to the putative class of the dismissal without prejudice is not required under the second sentence within California Rule of Court, Rule 3.770(c), because this dismissal will not prejudice any putative class member.  It is my opinion that this dismissal will not prejudice any putative class member because neither the Court nor I have issued notice to putative class members of the pendency of this action.  Moreover, the action will proceed against Neutrogena as Plaintiffs' seek dismissal only as against its parent company Johnson & Johnson and said dismissal is sought without prejudice.

**D.      EXPERTISE OF PLAINTIFFS' COUNSEL IN CLASS ACTION LITIGATION**

13.     I am experienced and knowledgeable in complex and class action litigation.  I have acted as class counsel on numerous class action cases.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct. Executed this 10th day of June 2021, at Westlake Village.



Kiley Lynn Grombacher

-3-

DECLARATION OF KILEY LYNN GROMBACHER IN SUPPORT OF REQUEST FOR DISMISSAL

1    **AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
     SIN-TING MARY LIU (282884)
2    17 East Main Street, Suite 200
     Pensacola, FL 32502
3    Telephone: 850-202-1010
     Facsimile: 850-916-7449
4    E-mail: mliu@awkolaw.com

5    **BRADLEY/GROMBACHER, LLP**
6    Marcus J. Bradley, Esq. (174156)
     Kiley L. Grombacher, Esq. (245960)
7    Robert N. Fisher, Esq. (302919)
     31365 Oak Crest Drive, Suite 240
8    Westlake Village, California 91361
9    Telephone: (805) 270-7100
     Facsimile:   (805) 270-7589
10   E-Mail: mbradley@bradleygrombacher.com
            kgrombacher@bradleygrombacher.com
11          rfisher@bradleygrombacher.com

12   *Attorneys for Plaintiffs and the Putative Class*

13               SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                          COUNTY OF ALAMEDA

15   KATHERINE BRENNAN and                    Case No.:  **RG21-101025**
16   MICHELLE MANG, Individually and on       *(Assigned for all purposes Hon. Judge Brad*
     Behalf of All Others Similarly Situated, *Seligman, Dept. 23)*
17
18             Plaintiffs,
19        v.                                  **REQUEST FOR DISMISSAL;**
                                              **[PROPOSED] ORDER**
20   NEUTROGENA CORPORATION and
     JOHNSON & JOHNSON CONSUMER              *(Filed concurrently with Declaration of*
21   COMPANIES, INC.;                         *Kiley Grombacher in Support of Dismissal)*
22             Defendants.
23
24
25
26
27
28

                                      -1-

                    REQUEST FOR DISMISSAL; [PROPOSED] ORDER

**TO THE COURT:**

Plaintiffs Katherine Brennan and Michelle Mang ("Plaintiffs") hereby submit the following Request for Dismissal, which is supported by the Declaration of Kiley L. Grombacher filed concurrently herewith:

That all claims against Johnson & Johnson Consumer Companies, Inc. be dismissed in their entirety without prejudice.

DATED:   June 10, 2021                    **BRADLEY/GROMBACHER, LLP**

By: _____
        Marcus J. Bradley, Esq.
        Kiley L. Grombacher, Esq.
        Robert N. Fisher, Esq.
        Attorneys for Plaintiffs

REQUEST FOR DISMISSAL; [PROPOSED] ORDER

1

## PROPOSED ORDER

2      Good cause appearing, the Court grants Plaintiffs' Request for Dismissal as follows:

3      All claims against Johnson & Johnson Consumer Companies, Inc. are dismissed, in their

4    entirety without prejudice.

5      **IT IS SO ORDERED:**

6

7    DATED:_____

8                                                                 Honorable Brad Seligman

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR DISMISSAL; [PROPOSED] ORDER

**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
SIN-TING MARY LIU (282884)
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Facsimile: 850-916-7449
E-mail: mliu@awkolaw.com

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (174156)
Kiley L. Grombacher, Esq. (245960)
Robert N. Fisher, Esq. (302919)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail:  mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com
         rfisher@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| KATHERINE BRENNAN and MICHELLE MANG, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>NEUTROGENA CORPORATION<br><br>    Defendant. | Case No.:  RG21-101025<br><br>*(Assigned for all purposes Hon. Judge Brad Seligman, Dept. 23)*<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  VIOLATIONS OF THE UNFAIR COMPETITION LAW;<br><br>2.  VIOLATIONS OF THE FALSE ADVERTISING LAW<br><br>3.  VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT;<br>4.  UNJUST ENRICHMENT/QUASI CONTRACT;<br><br>5.  NELIGENT MISREPRESENTATION/OMISSION;<br><br>6.  BREACH OF EXPRESSWARRANTY;<br><br>7.  BREACH OF IMPLIED WARRANTY;<br><br>8.  STRICT PRODUCT LIABILITY - FAILURE TO WARN; and |

AMENDED COMPLAINT

1

9.  STRICT PRODUCT LIABILITY –
    MANUFACTURING DEFECT

2

**DEMAND FOR JURY TRIAL**

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

4

Plaintiffs, Katherine Brennan and Michelle Mang ("Plaintiffs"), individually and on

5

behalf of all others similarly situated throughout the State of California, file this Class Action

6

Complaint ("CAC") against Defendant Neutrogena Corporation ("Neutrogena Corp." or

7

"Defendant"), and in support states the following:

8

**NATURE OF THE ACTION**

9

1       This is a class action lawsuit by Plaintiffs, and others similarly situated, who

10

purchased Neutrogena sunscreen products manufactured, sold and distributed by Defendant.

11

Defendant distributes, markets and sells several over-the-counter sunscreen products under their

12

brand name "Neutrogena." Several of Defendant's Neutrogena sunscreen products have been

13

independently tested and shown to be adulterated with benzene, a known human carcinogen.

14

The presence of benzene in Defendant's Neutrogena sunscreen products was not disclosed in the

15

products' label, in violation of state and federal law. Instead, Neutrogena misrepresented that its

16

products were safe and did not contain unnecessary ingredients. Plaintiffs and the putative class

17

suffered economic damages due to Defendant's misconduct (as set forth below) and they seek

18

injunctive relief and restitution for the full purchase price of the sunscreen product(s) they

19

purchased. Plaintiffs allege the following based upon personal knowledge as well as

20

investigation by counsel, and as to all other matters, upon information and belief. Plaintiffs

21

further believe that substantial evidentiary support will exist for the allegations set forth herein

22

after a reasonable opportunity for discovery.

23

**JURISDICTION AND VENUE**

24

2.      Plaintiffs, on behalf of themselves and all others similarly situated, bring this

25

CAC for declaratory and/or injunctive relief and restitution under California Business &

26

Professions Code §17200, *et. seq.*, §17500, *et. seq.*, California Civil Code §1750, *et. seq.*, and

27

California common law.

28

3.      This CAC is brought as a class action pursuant to California Code of Civil

2

1  Procedure §382. The restitution sought by Plaintiffs and the putative class members exceed the

2  minimal jurisdiction limits of the Superior Court and will be established according to proof at

3  trial.

4         4.      This Court has jurisdiction over Defendant because (i) Defendant is headquartered

5  in 5760 West 96th Street, Los Angeles, California, and is within the jurisdiction of this Court for

6  purposes of service of process; (ii) Defendant is authorized to and conducts business in and

7  across this State of California, including with respect to the sunscreen products at issue; and (iii)

8  Defendant otherwise has sufficient minimum contacts with and purposefully avails itself of the

9  markets of this State, thus rendering the Superior Court's jurisdiction consistent with traditional

10  notions of fair play and substantial justice.

11         5.      Venue is proper in this judicial district pursuant to California Code of Civil

12  Procedure § 395(b) in that this action arises from an offer or provision of goods intended primary

13  for personal use (i.e. sunscreen) and Plaintiff Katherine Brennan purchased the good(s) (i.e.

14  sunscreen products) at issue in the County of Alameda.[1] The injuries that have been sustained by

15  Plaintiff Katherine Brennan as a result of Defendant's illegal conduct occurred in the County of

16  Alameda. Defendant conducts substantial business in the County of Alameda. Moreover, at all

17  relevant times, Defendant promoted, marketed and sold its products, including the adulterated

18  sunscreen products at issue, to purchasers in California, including within the County of Alameda.

19                                    **THE PARTIES**

20         2.      Plaintiff Katherine Brennan ("Brennan") resides in Alameda, California, and at all

21  times relevant hereto has been, a resident of the County of Alameda. In or around April 2018,

22  Brennan purchased Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum

23  SPF 70 from Costco Wholesale in San Leandro, located in Alameda County. During that time,

24  Brennan was unaware that Defendant's sunscreen products may be adulterated with benzene.

25  Brennan purchased Defendant's sunscreen product on the assumption that the labeling of these

26  sunscreen products was accurate and that the products were unadulterated, safe and effective.

27  Brennan would not have purchased Defendant's sunscreen products had she known there was a

28
_____

[1] *See* Exhibit A (Declaration of SIN-TING MARY LIU pursuant to California Civil Code
§1780(d)).

1  risk the products may contain benzene, a known human carcinogen. As a result, Plaintiff suffered

2  injury in fact when she spent money to purchase a product she would not otherwise have

3  purchased absent Defendant's misconduct, as alleged herein.

4         3.      Plaintiff Michelle Mang ("Mang") resides in Mountain View, California, and at

5  all times relevant hereto has been, a resident of the County of Santa Clara. Mang purchased

6  Defendant's Cool Dry Sport Water-Resistant Sunscreen Spray SPF 50, Beach Defense® Water +

7  Sun Protection Sunscreen Spray Broad Spectrum SPF 70, and Ultra Sheer Dry-Touch Water

8  Resistant Sunscreen Lotion SPF 70 between 2017 and 2019 at Walmart, 600 Showers Dr.,

9  Mountain View, CA 94040 and Target, 555 Showers Dr., Mountain View, CA 94040. During

10  these times, Mang was unaware that Defendant's sunscreen products may be adulterated with

11  benzene. Mang purchased Defendant's sunscreen products on the assumption that the labeling of

12  these sunscreen products was accurate and that the products were unadulterated, safe and

13  effective. Mang would not have purchased any of Defendant's sunscreen products had she

14  known there was a risk the products may contain benzene, a known human carcinogen. As a

15  result, Plaintiff suffered injury in fact when she spent money to purchase sunscreen products she

16  would not otherwise have purchased absent Defendant's misconduct, as alleged herein.

17         4.      Defendant Neutrogena Corp. is a Delaware corporation with its headquarters at

18  5760 W 96th Street, Los Angeles, California 90045. Neutrogena Corp. is authorized to do

19  business in California. As one of the world's leading brands of skin care hair care and

20  cosmetics, Neutrogena Corp. distributes its products, including Neutrogena sunscreen products,

21  throughout the United States. Neutrogena Corp's line of sunscreen products, including the

22  adulterated sunscreen purchased by Plaintiffs and members of the putative class, are available at

23  retail stores throughout California and the United States. Below is a photograph of Plaintiff

24  Brennan's bottle of Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum

25  SPF 70, which was purchased from Costco Wholesale in San Leandro, located in Alameda

26  County, and which identifies Defendant Neutrogena Corp., Los Angeles, CA 90045 as the

27  distributor.

28

AMENDED COMPLAINT



## INTRODUCTION

5.      Defendant manufactures, markets, advertises, labels, distributes, and sells a

variety of Neutrogena sunscreen spray/aerosol products and lotions, including:

| 1 | Neutrogena | Lotion | Age Shield Face Sunscreen Lotion SPF 110 |
|---|---|---|---|
| 2 | Neutrogena | Lotion | Age Shield Face Sunscreen Lotion SPF 70 |
| 3 | Neutrogena | Spray | Beach Defense Oil-Free Body Sunscreen Spray SPF 100 |
| 4 | Neutrogena | Lotion | Beach Defense Water Plus Sun Protection Sunscreen Broad Spectrum Lotion SPF 70 |
| 5 | Neutrogena | Spray | Cooldry Sport Water-Resistant Sunscreen Spray SPF 50 |
| 6 | Neutrogena | Spray | Cooldry Sport Water-Resistant Sunscreen Spray SPF 70 |

AMENDED COMPLAINT

| 7 | Neutrogena | Lotion | Healthy Defense Daily Moisturizer with Sunscreen SPF 50 |
| 8 | Neutrogena | Lotion | Hydro Boost Water Gel Lotion Sunscreen SPF 50 |
| 9 | Neutrogena | Spray | Kids Water-Resistant Sunscreen Spray Oil-Free SPF 70 |
| 10 | Neutrogena | Lotion | Oil-free Facial Moisturizer with Sunscreen SPF 15 |
| 11 | Neutrogena | Lotion | Pure & Free Baby Sunscreen Lotion SPF 50 |
| 12 | Neutrogena | Lotion | Sensitive Skin Sunscreen Lotion With SPF 60+ |
| 13 | Neutrogena | Lotion | Sheer Zinc Dry-Touch Face Sunscreen SPF 50 |
| 14 | Neutrogena | Spray | Ultra Sheer Body Mist Sunscreen Broad Spectrum SPF 30 Spray |
| 15 | Neutrogena | Spray | Ultra Sheer Body Mist Sunscreen Broad Spectrum SPF 45 |
| 16 | Neutrogena | Lotion | Ultra Sheer Dry-Touch Sunscreen Lotion Broad Spectrum SPF 55 |
| 17 | Neutrogena | Lotion | Ultra Sheer Dry-Touch Sunscreen Lotion SPF 30 |
| 18 | Neutrogena | Lotion | Ultra Sheer Dry-Touch Sunscreen Lotion SPF 45 |
| 19 | Neutrogena | Lotion | Ultra Sheer Dry-Touch Water Resistant Sunscreen SPF 70 |
| 20 | Neutrogena | Spray | Ultra Sheer Face Mist Sunscreen SPF 55 |
| 21 | Neutrogena | Spray | Ultra Sheer Face Mist Sunscreen Spray - SPF 55 |
| 22 | Neutrogena | Lotion | Ultra Sheer Liquid Sunscreen Lotion, Broad Spectrum SPF 70 |
| 23 | Neutrogena | Lotion | Ultra Sheer Sunscreen Lotion SPF 100+ |
| 24 | Neutrogena | Spray | Ultra Sheer Weightless Sunscreen Spray, SPF 100+ |
| 25 | Neutrogena | Spray | Ultra Sheer Weightless Sunscreen Spray, SPF 70 |
| 26 | Neutrogena | Spray | Wet Skin Swim Humidity Sweat Sunscreen Broad Spectrum SPF 30 (hereafter collectively referred to as "Sunscreen Products").[2] |

6.     In 2020, Valisure LLC and ValisureRX LLC ("Valisure"), an analytical

pharmacy, ran tests on a variety of Defendant's Sunscreen Products. Specifically, Valisure

_____

[2] Discovery may reveal additional Sunscreen Products manufactured, sold, and distributed by Defendant that are affected by this action and Plaintiffs reserve their right to include any such products in this action.

tested numerous lots of Defendant's spray and lotion Sunscreen Products. Through its testing, Valisure discovered that certain of the Sunscreen Products contain benzene, with values ranging from less than 0.1 parts per million ("ppm"); to 0.10 ppm to 2 ppm, to more than 2 ppm. For reference, the National Institute for Occupational Safety and Health ("NIOSH") recommends protective equipment be worn by workers expecting to be exposed to benzene at concentrations of 0.1 ppm and defines "skin absorption" as an exposure route.[3] Notably, benzene is not listed as an active or inactive ingredient on any of the labels of Neutrogena's Sunscreen Products. Moreover, all of the Sunscreen Products are marketed and advertised in an identical manner — as "Sunscreen."

7.      On May 25, 2021 Valisure filed a citizen petition with the Food and Drug Administration ("FDA") asking the agency to recall all batches of Defendant's sunscreen products that (as tested) contained 0.1 ppm or more of benzene, on the basis that they are adulterated under Section 501 of the FDCA (21 U.S.C. § 351) and misbranded under Section 502 of the FDCA (21 U.S.C. § 352). As of this filing, the FDA has not responded to Valisure's citizen petition and Defendant has not taken any action to remove the Sunscreen Products from the market. Pursuant to § 1782 of the CLRA, Plaintiffs have provided pre-suit notice to Defendant of the particular violations of § 1770 of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed herein, which Defendant has failed to do.[4]

8.      Benzene is used primarily as a solvent in the chemical and pharmaceutical industries, as a starting material and intermediate in the synthesis of numerous chemicals, and in gasoline. The major United States source of benzene is petroleum. The health hazards of benzene have been recognized for over one hundred years. According to the National Toxicology Program ("NTP"), benzene is "*known to be a human carcinogen* based on sufficient evidence of carcinogenicity from studies in humans."[5] Benzene has also been "found to be carcinogenic to humans" by the International Agency for Research on Cancer ("IARC").

---

[3] Centers for Disease Control and Prevention. *The National Institute for Occupational Safety and Health (NIOSH), Benzene* (https://www.cdc.gov/niosh/npg/npgd0049.html).
[4] *See* Exhibit B (Copy of pre-suit notice letters Defendant Neutrogena Corp.).
[5] http://ntp.niehs.nih.gov/go/roc/content/profiles/benzene.pdf (emphasis in original).

Benzene was "[f]irst evaluated by IARC in 1974 . . . and was found to be carcinogenic to humans (Group 1), a finding that has stood since that time."[6] As noted by the IARC:

> In the current evaluation, the Working Group again confirmed the carcinogenicity of benzene based on *sufficient evidence* of carcinogenicity in humans, *sufficient evidence* of carcinogenicity in experimental animals, and *strong* mechanistic evidence. ... The Working Group affirmed the strong evidence that benzene is genotoxic, and found that it also exhibits many other key characteristics of carcinogens, including in exposed humans. In particular, benzene is metabolically activated to electrophilic metabolites; induces oxidative stress and associated oxidative damage to DNA; is genotoxic; alters DNA repair or causes genomic instability; is immunosuppressive; alters cell proliferation, cell death, or nutrient supply; and modulates receptor-mediated effects.[7]

Likewise, the FDA recognizes that "[b]enzene is a carcinogen that can cause cancer in humans"[8] and classifies benzene as a "Class 1" solvent that should be "avoided."[9] FDA's Guidance for Industry states that "Solvents in Class 1 . . . should not be employed in the manufacture of drug substances, excipients, and drug products because of their unacceptable toxicities or deleterious environmental effect."[10]

   9.    The FDA regulates sunscreens to ensure they meet safety and effectiveness standards.[11] The FDA regulates sunscreens, including the Sunscreen Products, as over-the-counter ("OTC") drugs rather than as cosmetics. As an FDA-regulated product, sunscreens must pass certain tests before they are sold. As noted on FDA's website,

> Every drug has active ingredients and inactive ingredients. In the case of sunscreen, active ingredients are the ones that are protecting your skin from the sun's harmful UV rays. Inactive ingredients are all other ingredients that are not active ingredients, such as water or oil that may be used in formulating sunscreens.[12]

---

[6] Benzene / IARC Working Group on the Evaluation of Carcinogenic Risks to Humans (2017: Lyon, France), at p. 33.
[7] *Id.* at 34.
[8] https://www.fda.gov/food/chemicals/questions-and-answers-occurrence-benzene-soft-drinks-and-other-beverages#q1.
[9] https://www.fda.gov/media/71737/download.
[10] FDA Guidance for Industry, Q3C Impurities: Residual Solvents (6/30/2017), available at https://www.fda.gov/media/71736/download.
[11] *See generally* 21 CFR §§352.1– 352.77.
[12] https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help-protect-your-skin-sun.

AMENDED COMPLAINT

Per the FDA regulations governing Defendant's Sunscreen Products, titled "Sunscreen Drug Products for Over-the-Counter Human Use,"[13] there are certain acceptable active ingredients in products that are labeled as sunscreen.[14] Benzene, a known human carcinogen, is not on the FDA's list of acceptable active or inactive ingredients for sunscreen products. Nor is benzene identified as an active or inactive ingredient on any of the Sunscreen Products. Thus, Defendant's assurances in its marketing of its sunscreen products—e.g., "we set a high bar for using ingredients…our ingredients are screened for quality…" and "your safety is our priority" and "our [safety assurance] process never ends—we continually review our product ingredients…"—are false and misleading.[15] Similarly, it is a false and misleading statement when Defendant unequivocally states to consumers: "Neutrogena maintains that the sunscreen ingredients we use are safe and effective . . . ."[16]

10.     The governing regulations provide: "An over-the-counter sunscreen drug product in a form suitable for topical administration is generally recognized as safe and effective and is not misbranded if it meets each condition in this part and each general condition established in 330.1 of this chapter."[17] Defendant failed to meet this standard as further described below.

11.     The manufacture of any misbranded or adulterated drug is prohibited under federal law[18] and California state law.[19]

12.     The introduction into commerce of any misbranded or adulterated drug is similarly prohibited.[20]

---

[13] 21 CFR §352.10.
[14] https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help-protect-your-skin-sun.
[15] https://safetyandcarecommitment.com/commitment?.
[16] https://www.neutrogenamd.com/sites/neutrogenahcp_us/files/20190416-fda-proposal-guide-3b.cocoon.pdf.
[17] 21 CFR §352.1
[18] 21 U.S.C. §331(g).
[19] *See* Cal. Health & Safety Code § 111250 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any drug or device that is adulterated."); Cal. Health & Safety Code § 111330 ("Any drug or device is misbranded if its labeling is false or misleading in any particular.").
[20] 21 U.S.C. §331(a); Cal. Health & Safety Code § 111305 ("It is unlawful for any person to receive in commerce any drug or device that is adulterated or to deliver or proffer for delivery any drug or device.").

13.     The receipt in interstate commerce of any adulterated or misbranded drug is also unlawful.[21]

14.     Among the ways a drug may be adulterated are:
If it consists in whole or in part of any filthy, putrid, or decomposed substance; or . . . whereby it may have been rendered injurious to health; . . . .[22]

15.     A drug is misbranded:
(a) "If its labeling is false or misleading in any particular."[23]
(b) If the labeling does not contain, among other things, "the proportion of each active ingredient[.]"[24]
(d) "If it is dangerous to health when used in the dosage or manner, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof."[25]

16.     If a manufacturer labels a drug but omits ingredients (the contaminant), that renders the drug misbranded.[26]

17.     Because Defendant did not disclose benzene, a known human carcinogen, may be present in the Sunscreen Products purchased by Plaintiffs and the putative class members, the Sunscreen Products are adulterated and misbranded.

---

[21] 21 U.S.C. §331(c); Cal. Health & Safety Code § 111305.
[22] 21 U.S.C. §351(a)(2)(B). *See* Cal. Health & Safety Code § 111250 ("Any drug or device is adulterated if it consists, in whole or in part, of any filthy, putrid, or decomposed substance."); Cal. Health & Safety Code § 111255 ("Any drug or device is adulterated if it has been produced, prepared, packed, or held under conditions whereby it may have been contaminated with filth, or whereby it may have been rendered injurious to health.").
[23] 21 U.S.C. §352(a)(1). California law similarly states: "Any drug or device is misbranded if its labeling is false or misleading in any particular." Cal. Health & Safety Code § 111330. *See also* Cal. Health & Safety Code § 111285 ("Any drug or device is adulterated if its . . . purity of quality is below, that which it is represented to possess.").
[24] 21 U.S.C. §352(e)(1)(A)(ii); *see* Cal. Health & Safety Code § 111355(a): "Any drug is misbranded unless its label bears . . . all of the following information:... (3) For nonprescription drugs, the quantity or proportion of each active ingredient and the established name of each inactive ingredient in accordance with Sections 502(e)(1)(A)(ii) and (iii) of the federal act (21 U.S.C. 352(e)(1)(A)(ii) and (iii))."
[25] 21 U.S.C. §352(j); *see* Cal. Health & Safety Code § 111400 ("Any drug or device is misbranded if it is dangerous to health when used in the dosage, or with the frequency or duration prescribed, recommended, or suggested in its labeling.").
[26] "The labeling of a drug may be misleading by reason (among other reasons) of: ... (2) Failure to reveal the proportion of, or other fact with respect to, an ingredient present in such drug, when such proportion or other fact is material in the light of the representation that such ingredient is present in such drug." 21 C.F.R. §201.10(2). *See* Cal. Health & Safety Code § 111355(b) ("Any drug is misbranded unless its label bears . . . all of the following information: The requirement for stating the quantity of the active ingredients of any drug . . . .").

18.     Defendant wrongfully advertised and sold the Sunscreen Products without any labeling to indicate to consumers that these products may contain benzene. The following image shows an example:

19.     Plaintiffs have standing to represent members of the putative class because there is sufficient similarity between the specific Sunscreen Products purchased by the Plaintiffs and the other Sunscreen Products not purchased by Plaintiffs. Specifically, each and every one of the Sunscreen Products (i) are marketed in substantially the same way – as "Sunscreen"— and (ii) fail to include labeling indicating to consumers that the Sunscreen Products may contain benzene as an active or inactive ingredient. Accordingly, the misleading effect of all of the

sunscreen products' labels are substantially the same.

## CLASS ALLEGATIONS

20.     Plaintiffs brings this action under California Code of Civil Procedure §382 as a class action and seeks certification of the following class against Defendant for violations of California state laws and federal laws (the "Class"):

> All consumers who purchased any lotion or spray Neutrogena Sunscreen Product in the State of California from May 25, 2017 to the present for personal use or consumption.

> Excluded from the Class are individuals who allege personal bodily injury resulting from the use of Sunscreen Product(s). Also excluded from this Class are Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

21.     The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs are informed and believe that the proposed Class contains thousands of purchasers of the Sunscreen Products who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiffs at this time.

22.     Plaintiffs' claims are typical to those of all class members because members of the class are similarly injured through Defendant's uniform misconduct described above and were subject to Defendant's deceptive sunscreen claims that accompanied each and every Sunscreen Product in the Neutrogena collection. Plaintiffs are advancing the same claims and legal theories on behalf of himself and all members of the Class.

23.     Plaintiffs' claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiffs and all prospective Class members involve the same alleged defect. These common legal and factual questions include the following:

    (a)   whether Defendant's Sunscreen Products contained benzene;

    (b)   whether Defendant's omissions are true, or are misleading, or objectively reasonably likely to deceive;

AMENDED COMPLAINT

(c)   whether the alleged conduct constitutes violations of the laws asserted;

(d)   whether Defendant's alleged conduct violates public policy;

(e)   whether Defendant's engaged in false or misleading advertising;

(f)   whether Plaintiffs and the Class members are entitled to damages and/or restitution and the proper measure of that loss; and

(g)   whether an injunction is necessary to prevent Defendant from continuing to market and sell defective and adulterated sunscreen products that contain benzene, a known human carcinogen.

24.     Plaintiffs and their counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiffs have retained counsel experienced in complex litigation and class actions. Plaintiffs' counsel has successfully litigated other class action cases similar to that here and have the resources and abilities to fully litigate and protect the interests of the class. Plaintiffs intend to prosecute this claim vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Class, nor are Plaintiffs subject to any unique defenses.

25.     A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by Plaintiffs and individual Class members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiffs and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiffs know of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

26.     The Class also may be certified because Defendant has acted or refused to act on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

27.     Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf

1    of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent

2    Defendant from engaging in the acts described above, and requiring Defendant to provide full

3    restitution in the form of a refund of the full purchase price of the Sunscreen Products to

4    Plaintiffs and Class members.

5        28.    Unless a Class is certified, Defendant will retain monies received as a result of

6    their conduct that were taken from Plaintiffs and the Class members. Unless a Class-wide

7    injunction is issued, Defendant will continue to commit the violations alleged, and the members

8    of the Class and the general public will continue to be misled.

9                              **FIRST CAUSE OF ACTION**

10   **(Violations of the Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200, *Et Seq.***

11                    **Against Defendant on Behalf of the Class)**

12       29.    Plaintiffs incorporate by reference and re-allege each and every allegation

13   contained above, as though fully set forth herein.

14       30.    The UCL prohibits any "unlawful, unfair or fraudulent business act or practice

15   and unfair, deceptive, untrue or misleading advertising…." Cal. Bus. & Prof. Code § 17200.

16   *Fraudulent Acts and Practices*

17       31.    Any business act or practice that is likely to deceive members of the public

18   constitutes a fraudulent business act or practice under the UCL. Similarly, any advertising that

19   is deceptive, untrue or misleading constitutes a fraudulent business act or practice under the

20   UCL.

21       32.    Defendant has engaged, and continues to engage, in conduct that is likely to

22   deceive members of the public. This conduct includes representing in their labels that their

23   Sunscreen Products contain only the ingredients listed in the label, which is untrue, and failing

24   to make any mention that the Sunscreen Products are adulterated with benzene, a known human

25   carcinogen.

26       33.    Similarly, Defendant has engaged, and continues to engage, in deceptive, untrue,

27   and misleading advertising by "promising" to consumers, among other things, (i) that they

28

1  "carefully select ingredients,"[27] (ii) that "safety is paramount,"[28] (iii) that they "avoid

2  unnecessary and harsh ingredients,"[29] and (iv) that "the sunscreen ingredients we use are safe

3  and effective . . ."[30] when in fact the Sunscreen Products may contain a known (but

4  undisclosed) human carcinogen (i.e. benzene). The following image shows an example of such

5  deceptive advertising:



Carefully Selected Ingredients

At Neutrogena®, safety is paramount. What we include in our products is just as important
as what we exclude from them. We strive to avoid unnecessary and harsh ingredients and
we prioritize ingredients that are not only safe for your skin, but also safe for the planet,
throughout the lifecycle of our products. We are committed to ingredient transparency so
you can make informed decisions for your skin health.[31]

---

[27] https://www.neutrogena.com/our-promise.html.
[28] https://www.neutrogena.com/our-promise.html.
[29] https://www.neutrogena.com/our-promise.html.
[30] https://www.neutrogenamd.com/sites/neutrogenahcp_us/files/20190416-fda-proposal-guide-3b.cocoon.pdf.

[31] https://www.neutrogena.com/our-promise.html.

34. By committing the acts alleged above, Defendant has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code §17200.

*Unlawful Acts and Practices*

35. The violation of any law constitutes an unlawful business practice under Business & Professions Code §17200.

36. Defendant's conduct violates Section 5 of the Federal Trade Commission "("FTC") Act, 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. By representing in the labeling that the Sunscreen Products do not contain benzene when, in fact, the products may contain benzene, Defendant violated Section 5 of the FTC Act.

37. Defendant's conduct also violates Cal. Health & Safety Code § 111730, which prohibits the sale of any misbranded product. The Sunscreen Products, that bear labeling that they did not contain benzene, are "false and misleading in any particular" in violation of Health & Safety Code § 111730.

38. Defendant's conduct also violates the CLRA and other California law as described infra.

39. By violating the FTC Act and/or Cal. Health and Safety Code § 111730, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200.

*Unfair Acts and Practices*

40. Any business practice that offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers constitutes an "unfair" practice under the UCL.

41. Defendant has engaged, and continues to engage, in unfair business practices. This conduct includes representing that the Sunscreen Products do not contain benzene when in fact some do contain benzene.

42. Defendant has engaged, and continues to engage, in conduct that violates the

AMENDED COMPLAINT

legislatively declared policies of the FTC Act against committing unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. Defendant gained an unfair advantage over its competitors, whose advertising for products must comply with the FTC Act.

43.     Defendant's conduct, including misrepresenting the safety and efficacy of the Sunscreen Products, is substantially injurious to consumers. Consumers are purchasing and, as instructed in the label, "apply[ing] liberally" sunscreen products without knowledge that there is a risk the Sunscreen Products are adulterated with a human carcinogen. Moreover, such conduct has, and continues to cause, substantial injury to consumers because consumers would not have paid for sunscreens potentially adulterated with benzene but for Defendant's false labeling, advertising, and promotion. Thus, Plaintiffs and the putative Class have "lost money or property" as required for UCL standing, and such an injury is not outweighed by any countervailing benefits to consumers or competition.

44.     Indeed, no benefit to consumers or competition results from Defendant's conduct. Since consumers reasonably rely on Defendant's representation of the ingredients contained in the Sunscreen Products' labels and injury resulted from ordinary use of the Contaminated Products, consumers could not have reasonably avoided such injury.

45.     By committing the acts described above, Defendant has engaged in unfair business acts and practices which constitute unfair competition within the meaning of the UCL.

46.     As a result of the conduct described above, Defendant has been unjustly enriched at the expense of the Plaintiffs and the putative Class.

47.     An action for injunctive relief and restitution is specifically authorized under Cal. Bus. & Prof. Code 17203.

48.     Wherefore, Plaintiffs pray for judgement against Defendant, as set forth hereafter. Defendant's conduct with respect to the labeling, advertising, marketing, and sale of the Sunscreen Products is unfair because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

53.     In accordance with California Business & Professions Code section 17203,[32] Plaintiffs seeks an order enjoining Defendant from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign. Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

49.     On behalf of Plaintiffs and the putative Class, Plaintiffs also seeks an order for the restitution of all monies spent on the Sunscreen Products, which were acquired through acts of fraudulent, unfair, or unlawful competition.[33] In addition, because there is a risk the Sunscreen Products contain benzene, a known human carcinogen, the measure of restitution should be rescission and full refund insofar as the Sunscreen Product products and their associated labels are worthless. But for Defendant's misrepresentations and omissions, Plaintiffs would have paid nothing for sunscreen products that have a risk of containing a known human carcinogen (i.e. benzene). Indeed, there is no discernible "market" for an over-the-counter sunscreen product that may be adulterated with a known human carcinogen. As a result, the Sunscreen Products are rendered valueless.

## SECOND CAUSE OF ACTION

**(Violations of California's False Advertising Law, California Business & Professions Code §§17500, Et. Seq., Against Defendant on Behalf of the Class)**

50.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

51.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

52.     As set forth herein, Defendant's claims that its sunscreen product's ingredients do

---

[32] "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code § 17203.

[33] "Actions for relief pursuant to this chapter shall be prosecuted . . . by a person who has suffered injury in fact and lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.
"The court may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203.

AMENDED COMPLAINT

1  not contain benzene are false and likely to deceive the public because Defendant's Sunscreen

2  Products did in fact contain benzene.

3       53.    Similarly, Defendant's advertising claims that their sunscreen product's

4  ingredients are safe and effective are untrue or misleading because these claims fail to disclose

5  that the Sunscreen Products may in fact be adulterated by containing a known human

6  carcinogen -- specifically, benzene.

7       54.    Defendant knew, or reasonably should have known, that the claims were untrue or

8  misleading.

9       55.    Defendant's conduct is ongoing and continuing, such that prospective injunctive

10 relief is necessary, especially given Plaintiffs' desire to purchase Defendant's Sunscreen

11 Products in the future if they can be assured that the Sunscreen Products are unadulterated and

12 meet the advertising claims. Absent injunctive relief, Defendant may continue to advertise,

13 promote and sell adulterated sunscreen products that deceive the public as to their ingredients

14 and safety. Plaintiffs are thus likely to again be wronged in a similar way. For instance, if

15 Plaintiffs encounter Defendant's Sunscreen Products in the future and there is risk those

16 products still contain benzene, Plaintiffs may mistakenly rely on the product's label to believe

17 that Defendant eliminated benzene when it did not.

18      56.    Plaintiffs and members of the Class are entitled to injunctive and equitable relief,

19 and restitution in the amount they spent on the Sunscreen Product(s).

20      **<u>THIRD CAUSE OF ACTION</u>**

21 **(Violations of the Consumers Legal Remedies Act (the "CLRA"), Cal. Bus. & Prof. Code § 1750, *Et***

22 ***Seq.* Against Defendant on Behalf of the Class)**

23      57.    Plaintiffs incorporate by reference and re-allege each and every allegation

24 contained above, as though fully set forth herein.

25      58.    Defendant has employed or committed methods, acts, or practices declared

26 unlawful by Cal. Civ. Code §1770 in connection with the products by representing that the

27 Sunscreen Product's ingredients do not contain benzene.

28      59.    In particular, Defendant's failure to list benzene as an ingredient in the Sunscreen

Products and representations regarding the safety and nature of the ingredients in the Sunscreen

Products violates California Civil Code § 1770(a), under the following subdivisions:

    (5)    by representing that the Sunscreen Products have characteristics, uses and/or

benefits which they do not;

    (7)    by representing that the Sunscreen Products were of a particular standard, quality,

or grade which they are not;

    (9)    by advertising the Sunscreen Products with intent not to sell them as advertised;

and

    (16)    by representing that the Sunscreen Products have been supplied in accordance

with previous representations when they have not.

    60.    Pursuant to § 1780(a) of the CLRA, Plaintiffs seeks injunctive relief in the form

of an order enjoining the above-described wrongful acts and practices of Defendant including,

but not limited to, an order enjoining Defendant from distributing such false advertising and

misrepresentations.  Plaintiffs, the members of the California Class, and the public at large shall

be irreparably harmed if such an order is not granted.

    61.    On June 10, 2021, Plaintiffs provided notice to Defendant pursuant to California

Civil Code §1782 for violations of the CLRA on behalf of themselves and similarly situated

individuals.

    62.    Plaintiffs are not presently seeking monetary damages under the CLRA. Plaintiffs

reserve the right to amend this Complaint to include a request for damages under the CLRA

after complying with *Civil Code* 1782(a).

**FOURTH CAUSE OF ACTION**

**(Unjust Enrichment/Quasi Contract - Against Defendant on Behalf of the Class)**

    63.    Plaintiffs incorporate by reference and re-allege each and every allegation

contained above, as though fully set forth herein.

    64.    Plaintiffs  and members of the class conferred upon Defendant non-gratuitous

payments for Sunscreen Products that they would not have due to Defendant's' deceptive

labeling, advertising, and marketing.  Defendant accepted or retained the non-gratuitous benefits

AMENDED COMPLAINT

1    conferred by them with knowledge and awareness that, as a result of Defendant's deception, the

2    Plaintiffs and members of the class were not receiving a product of the quality, nature, fitness,

3    or value that had been represented by Defendant and reasonable consumers would have

4    expected.

5          65.    Defendant has been unjustly enriched in retaining the revenues derived from

6    purchases of the Sunscreen Products by the Plaintiffs and members of the Class, which retention

7    under these circumstances is unjust and inequitable because the Sunscreen Products contain

8    benzene.

9          66.    Retaining the non-gratuitous benefits conferred upon Defendant by the Plaintiffs

10   and members of the Class under these circumstances made Defendant's retention of the non-

11   gratuitous benefits unjust and inequitable.  Thus, Defendant must pay restitution to the Plaintiffs

12   and Class for their unjust enrichment, as ordered by the Court.

**FIFTH CAUSE OF ACTION**

**(Negligent Misrepresentation/Omission - Against Defendant on Behalf of the Class)**

15         67.    Plaintiffs incorporate by reference and re-allege each and every allegation

16   contained above, as though fully set forth herein.

17         68.    In making representations of fact to Plaintiffs and the Class members about the

18   Sunscreen Products, Defendant failed to fulfill its duty to disclose that the products contained

19   benzene.

20         69.    Additionally, Defendant made false representations regarding the quality and

21   safety of the Sunscreen Products and their ingredients as detailed above.

22         70.    Such failure to disclose on the part of Defendant amounts to negligent omission

23   and the representations regarding the product amount to negligent misrepresentation.

24         71.    Plaintiffs and the other members of the Class reasonably relied upon such

25   representations and omissions to their detriment.

26         72.    By reason thereof, Plaintiffs and the other Class members have suffered damages

27   in an amount to be proven at trial.

28   ///

## SIXTH CAUSE OF ACTION

### (Breach of Express Warranty - Against Defendant on Behalf of the Class)

73.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

74.     Defendant through its written literature and packaging, and written and media advertisement, expressly warranted that the Sunscreen Products were safe and fit for the purposes intended, that they were of merchantable quality, and that they did not pose dangerous health risks.

75.     Plaintiffs and the Class read and relied on these express warranties provided by Defendant in the packaging and written advertisements.

76.     Defendant breached its express warranties because the Sunscreen Products are defective and not reasonably safe for their intended use.

77.     Defendant knew or should have known that the Sunscreen Products did not conform to their express warranties and representations and that, in fact, the products are not safe and pose serious health risks because they contain benzene.

78.     Plaintiffs and the Class have suffered harm on account of Defendant's breach of its express warranty regarding the fitness for use and safety of the Sunscreen Products and are entitled to damages to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Breach of Implied Warranty - Against Defendant on Behalf of the Class)

79.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

80.     Because the Sunscreen Products contained benzene, they were not of the same quality as those generally acceptable in the trade and were not fit for the ordinary purposes for which such Sunscreen Products are used.

81.     As alleged the Sunscreen Products were not adequately labeled and did not disclose that they contain benzene.

82.     The Sunscreen Products did not measure up to the promises or facts stated in the

AMENDED COMPLAINT

sales literature and communications by and from Defendant.

83.     Defendant impliedly warranted that the Sunscreen Products were merchantable, fit and safe for ordinary use.

84.     Defendant further impliedly warranted that the Sunscreen Products were fit for the particular purposes for which they were intended and sold.

85.     Contrary to these implied warranties, the Sunscreen Products were defective, unmerchantable, and unfit for their ordinary use when sold, and unfit for the particular purpose for which they were sold.

## EIGHTH CAUSE OF ACTION

**(Strict Product Liability – Failure to Warn - Against Defendant on Behalf of the Class)**

86.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

87.     Defendant knew or should have known that their Sunscreen Products contained benzene which is a known carcinogen.

88.     Defendant had a duty to warn Plaintiffs and the Class about the dangers of the presence of benzene in Defendant's Sunscreen Products.

89.     Defendant knew that the risk of exposure to benzene from use of its products was not readily recognizable to an ordinary consumer and that consumers would not inspect the product for benzene content.

90.     Defendant did not warn Plaintiffs and the Class that the Sunscreen Products contained benzene.

91.     Plaintiffs and the Class were injured by the use of the Sunscreen Products in a manner promoted by Defendant, and in a manner that was reasonably foreseeable by Defendant because benzene is a known carcinogen that is absorbed through the skin.

92.     Plaintiffs and the Class were justified in their reliance on Defendant's advertising of the product for use as sunscreen.

93.     Plaintiffs and the Class are therefore entitled to damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### (Strict Product Liability – Manufacturing Defect - Against Defendant on Behalf of the Class)

94.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

95.     The Sunscreen Products contained a manufacturing defect when they left the possession of Defendant. They differ from Defendant's intended result because they contain benzene.

96.     Plaintiffs used the products in a way that was reasonably foreseeable to Defendant.

97.     As a result of the defects in the manufacture of the Sunscreen Products, Plaintiffs and the Class suffered injuries from exposure to benzene.

98.     Accordingly, Plaintiffs seeks damages to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment against the Defendant as to each and every count, including:

A.     An order declaring this action to be a proper class action, appointing Plaintiffs and their counsel to represent the Class, and requiring Defendant to bear the costs of class notice;

B.     An order enjoining Defendant from selling the Sunscreen Products;

C.     An order enjoining Defendant from suggesting or implying that they are safe and effective for human application;

D.     An order requiring Defendant to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing Sunscreen Product products;

E.     An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendant from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendant's past conduct;

AMENDED COMPLAINT

1  F.    An order requiring Defendant to pay restitution to restore all funds acquired by

2        means of any act or practice declared by this Court to be an unlawful, unfair, or

3        fraudulent business act or practice, untrue or misleading advertising, or a violation

4        of the Unfair Competition Law or other California law, plus pre- and post-

5        judgment interest thereon;

6  G.    An order requiring Defendant to disgorge or return all monies, revenues, and

7        profits obtained by means of any wrongful or unlawful act or practice;

8  H.    An order requiring Defendant to pay all actual and statutory damages permitted

9        under the counts alleged herein;

10 I.    An order awarding attorneys' fees and costs to Plaintiffs and the Class; and

11 J.    An order providing for all other such equitable relief as may be just and proper.

12                          **DEMAND FOR JURY TRIAL**

13      Plaintiffs demand a trial by jury on all issues so triable.

14

15 DATED: June 10, 2021

16

17                                          By: _____
                                            AYLSTOCK, WITKIN, KREIS &
18                                          OVERHOLTZ, PLLC
                                            SIN-TING MARY LIU (282884)
19                                          17 East Main Street, Suite 200
                                            Pensacola, FL 32502
20                                          Telephone: 850-202-1010
                                            Facsimile: 850-916-7449
21                                          E-mail: mliu@awkolaw.com
                                            Attorney for Plaintiffs
22

23

24

25 DATED: June 10, 2021

26                                          By: _____
                                            BRADLEY/GROMBACHER LLP
27                                          Marcus J. Bradley, Esq.
                                            Kiley L. Grombacher, Esq.
28                                          Robert N. Fisher, Esq.
                                            Attorney for Plaintiffs

AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
SIN-TING MARY LIU (282884)
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Facsimile: 850-916-7449
E-mail: mliu@awkolaw.com

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (174156)
Kiley L. Grombacher, Esq. (245960)
Robert N. Fisher, Esq. (302919)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
rfisher@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| KATHERINE BRENNAN and MICHELLE MANG, Individually and on Behalf of All Others Similarly Situated, <br><br>      Plaintiffs, <br><br>   v. <br><br> NEUTROGENA CORPORATION, <br><br>   Defendant. | Case No.:  RG21-101025 <br><br> **CLASS ACTION:** <br><br> DECLARATION OF KATHERINE BRENNAN PURSUANT TO CALIFORNIA CIVIL CODE §1780(d) |

I, Katherine Brennan, declare as follows:

1.  I am a plaintiff and putative class representative in the above-entitled action.

2.  Defendant Neutrogena Corporation has done and is doing business in the City and

    County of Alameda, California. Such business includes the distribution, marketing,

and sale of numerous Neutrogena sunscreen products, including Beach Defense®
Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70.

3. The Class Action Complaint ("CAC") filed in this action is filed in the proper place
for trial under Civil Code Section 1780(d) in that a substantial portion of the events
alleged in the CAC occurred in Alameda County, California. Specifically, I purchased
Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70
from Costco Wholesale in San Leandro, located in Alameda County, California.

4. I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Executed this 9th day of June 2021, at Alameda, California.

By: _____
Katherine Brennan
Plaintiff